1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                 SOUTHERN DISTRICT OF CALIFORNIA

10

11  GARY MAURICE TOWNES,          )  Case No. 06-CV-1138-H (JMA)
                                  )
12           Plaintiff,           )  **CASE MANAGEMENT CONFERENCE**
                                  )  **ORDER REGULATING DISCOVERY AND**
13  v.                            )  **OTHER PRETRIAL PROCEEDINGS**
                                  )
14  E.J. PAULE, et al.,           )  (Fed. R. Civ. P. 16)
                                  )  (Local Rule 16.1)
15           Defendants.          )  (Fed. R. Civ. P. 26)
                                  )
16  _____)

17       The Court attempted to convene a telephonic Case Management

18  Conference on September 27, 2006 at 9:00 a.m., but was

19  unsuccessful as Plaintiff Mr. Townes could not be contacted for

20  the call.  Good cause appearing,

21       **IT IS HEREBY ORDERED:**

22       1.   Any motion to join other parties, to amend the

23  pleadings, or to file additional pleadings shall be filed on or

24  before **November 27, 2006**.

25       2.   A telephonic Case Management Conference shall be held

26  before Magistrate Judge Adler on **December 14, 2006** at **9:30 a.m.**

27  Plaintiff and Counsel for Defendants shall appear telephonically

28  at this conference.  Counsel for Defendants shall be responsible

06cv1138H

for making all arrangements in advance for Plaintiff to appear telephonically.

3.    Plaintiff (or the party(ies) having the burden of proof on any claim) shall serve on all parties a list of experts whom that party expects to call at trial on or before **December 22, 2006**.  Defendants (or the party(ies) defending any claim, counterclaim, crossclaim, or third party claim) shall serve on all parties a list of experts whom that party expects to call at trial on or before **January 5, 2007**.  On or before **January 19, 2007**, any party may supplement its designation in response to any other party's designation, so long as that party has not previously retained an expert to testify on that subject.  Expert designations shall include the name, address, and telephone number of each expert, and a reasonable summary of the testimony the expert is expected to provide.  The list shall also include the normal rates the expert charges for deposition and trial testimony.

The parties must identify <u>any</u> person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence.  This requirement is <u>not</u> limited to retained experts.

**Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.**

4.    All expert disclosures required by Fed. R. Civ. P. 26(a)(2) shall be served on all parties on or before **March 16,**

06cv1138H

**2007**.  Any contradictory or rebuttal information shall be disclosed on or before **April 20, 2007.**  In addition, Fed. R. Civ. P. 26(e)(1) imposes a duty on the parties to supplement the expert disclosures made pursuant to Fed. R. Civ. P. 26(a)(2)(B) by the time that pretrial disclosures are due under Fed. R. Civ. P. 26(a)(3) (discussed below).  This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, <u>or</u> whose duties as an employee of the party regularly involve the giving of expert testimony.

**Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.**

5.  All discovery, including expert discovery, shall be completed by all parties on or before **May 18, 2007**.  "Completed" means that all discovery under Rules 30 through 36 of the Federal Rules of Civil Procedure must be initiated a sufficient period of time in advance of the cutoff date, so that it may be <u>completed</u> by the cutoff date, taking into account the times for service, notice, and response as set forth in the Federal Rules of Civil Procedure.  **<u>All disputes concerning discovery shall be brought to the attention of Magistrate Judge Adler no later than thirty (30) days following the date upon which the event giving rise to the dispute occurred.</u>**  **<u>For oral discovery, the event giving rise to the discovery dispute is the completion of the transcript of the affected portion of the deposition.  For written discovery, the event giving rise to the discovery dispute is the service of the</u>**

**response.  Counsel are required to meet and confer prior to**
**contacting the Court regarding all discovery disputes pursuant to**
**the requirements of Local Rules 16.5(k) and 26.1(a).**

6.   All motions, other than motions to amend or join parties, or motions in limine, shall be <u>filed</u> on or before **June 18, 2007**.[1]  Motions will not be heard or calendared unless counsel for the moving party has obtained a motion hearing date from the law clerk of the judge who will hear the motion.  **Be advised that the period of time between the date you request a motion date and the hearing date may be up to sixty (60) days. Please plan accordingly.**  Failure of counsel to timely request a motion date may result in the motion not being heard.

Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of the judge who will hear the motion.  No reply memorandum shall exceed ten (10) pages without such leave of court.

7.   A Mandatory Settlement Conference shall be conducted on **September 12, 2007** at **10:00 a.m.** in the chambers of Magistrate Judge Adler.  Counsel shall submit settlement statements **directly** to Magistrate Judge Adler's chambers no later than **September 5, 2007**.  The parties may either submit confidential settlement statements or may exchange their settlement statements.  Each party's settlement statement shall set forth the party's statement of the case, identify controlling legal issues,

---

[1]Counsel should note that while historically motion cutoff deadlines issued by this Court were deadlines for motion hearings, the motion cutoff dates now being issued establish deadlines for the parties to <u>file</u> motions.

concisely set out issues of liability and damages, and shall set

forth the party's settlement position, including the last offer

or demand made by that party, and a separate statement of the

offer or demand the party is prepared to make at the settlement

conference.  **The settlement conference briefs shall not be filed**

**with the Clerk of the Court.**

**All named parties, all counsel, and any other person(s)**

**whose authority is required to negotiate and enter into**

**settlement shall appear <u>in person at the conference</u>.  The**

**<u>individual(s) present at the Mandatory Settlement Conference with</u>**

**<u>settlement authority must have the unfettered discretion and</u>**

**<u>authority on behalf of the party to:  1) fully explore all</u>**

**<u>settlement options and to agree during the Mandatory Settlement</u>**

**<u>Conference to any settlement terms acceptable to the party (<i>G.</i></u>**

**<u><i>Heileman Brewing Co., Inc. v. Joseph Oat Corp.</i>, 871 F.2d 648, 653</u>**

**<u>(7th Cir. 1989)), 2) change the settlement position of a party</u>**

**<u>during the course of the Mandatory Settlement Conference (<i>Pitman</i></u>**

**<u><i>v. Brinker Int'l, Inc.</i>, 216 F.R.D. 481, 485-86 (D. Ariz. 2003)),</u>**

**<u>and 3) negotiate a settlement without being restricted by any</u>**

**<u>predetermined level of authority (<i>Nick v. Morgan's Foods, Inc.</i>,</u>**

**<u>270 F.3d 590, 596 (8th Cir. 2001)).</u>**

Governmental entities may appear through litigation counsel

only.  As to all other parties, appearance by litigation counsel

only is <u>not</u> acceptable.  Retained outside corporate counsel <u>shall</u>

<u>not</u> appear on behalf of a corporation as the party who has the

authority to negotiate and enter into a settlement.  **The failure**

**of any counsel, party or authorized person to appear at the**

**Mandatory Settlement Conference as required shall be cause for**

1   **the immediate imposition of sanctions.**  All conference

2   discussions will be informal, off the record, privileged, and

3   confidential.

4        8.   If Plaintiff is incarcerated in a penal institution or

5   other facility, the Plaintiff's presence is not required at

6   conferences before Judge Adler, and the Plaintiff may appear by

7   telephone.  In that case, defense counsel is to coordinate the

8   Plaintiff's appearance by telephone.

9        9.   Counsel shall serve on each other and file their

10  Memoranda of Contentions of Fact and Law and take any other

11  action required by Local Rule 16.1(f)(2) on or before **September**

12  **24, 2007**.  On or before this date, the parties must also comply

13  with the pretrial disclosure requirements of Fed. R. Civ. P.

14  26(a)(3).

15       10.  Counsel shall confer and take the action required by

16  Local Rule 16.1(f)(4) on or before **October 1, 2007**.

17       11.  The Proposed Final Pretrial Conference order, including

18  written objections, if any, to any party's Fed. R. Civ. P.

19  26(a)(3) pretrial disclosures, shall be prepared, served, and

20  lodged with the Clerk's Office on or before **October 9, 2007** and

21  shall be in the form prescribed in Local Rule 16.1(f)(6).  Any

22  objections shall comply with the requirements of Fed. R. Civ. P.

23  26(a)(3).  **Please be advised that the failure to file written**

24  **objections to a party's pretrial disclosures may result in the**

25  **waiver of such objections, with the exception of those made**

26  **pursuant to Rules 402 (relevance) and 403 (prejudice, confusion**

27  **or waste of time) of the Federal Rules of Evidence.**

28       12.  The final Pretrial Conference is scheduled on the

06cv1138H

calendar of the Honorable Marilyn L. Huff on **October 15, 2007** at **10:30 a.m.**  The trial date will be assigned by the district judge at the pretrial conference.

13.  The dates and times set forth herein will not be modified except for good cause shown.

14.  Defendants' counsel shall serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED.**

DATED:  September 27, 2006

Jan M. Adler
U.S. Magistrate Judge

06cv1138H